### KEPLERS COAL CO.
v.
### UNITED STATES of America.
### Civ. A. No. 33367.

United States District Court
E. D. Pennsylvania.
June 3, 1964.

Norman A. Peil, Jr., Easton, Pa., for plaintiff.

Drew J. T. O'Keefe, U. S. Atty., Philadelphia, Pa., Louis F. Oberdorfer, Asst. Atty. Gen., C. Moxley Featherston, David A. Wilson, Jr., Solomon Fisher, Dept. of Justice, Washington, D. C., for defendant.

LUONGO, District Judge.

Keplers Coal Co. (taxpayer) instituted suit against the United States under 28 U.S.C.A. § 1346(a) (1) to recover income taxes paid for the calendar year 1958. The matter is before me on cross motions for summary judgment on the pleadings and a filed "Stipulation of Facts."

■ The issue in this case is clear and concise: Is taxpayer entitled to the additional first year depreciation provided by section 179 of the Internal Revenue Code of 1954[1] although it failed to comply with the election requirements of the applicable Treasury Regulation?

Section 179 grants taxpayer the election, under certain circumstances, to deduct, in addition to the depreciation allowance otherwise provided by section 167 of the Internal Revenue Code of

1954, an amount equal to twenty percent of the cost of depreciable property in the first year for which a deduction with respect to such property is allowable. A ceiling of $10,000 is placed on the total cost of the property subject to the additional depreciation, and the basis of such property must be readjusted when computing the depreciation allowance under section 167. Subsection (c) of section 179 provides:

"(1) *In general.*—The election under this section for any taxable year shall be made within the time prescribed by law (including extensions thereof) for filing the return for such taxable year. The election shall be made in such manner as the Secretary or his delegate may by regulations prescribe.

"(2) *Election irrevocable.*—Any election made under this section may not be revoked except with the consent of the Secretary or his delegate."

Subsection (e) provides:

"(e) *Regulations.*—The Secretary or his delegate shall prescribe such regulations as may be necessary to carry out the purposes of this section."

The Treasury Regulation in effect when plaintiff filed its 1958 return required that the election

"shall be made in a statement attached to the taxpayer's income tax return * * *. The statement shall indicate that the taxpayer has elected the provisions of section 179(a) * * *."

Treas.Reg. § 18.1–3(b) (1958), T.D. 6335, 1958–2 Cum.Bull. 1112. In addition, certain "information with respect to the property subject to the election"[2] was required to be set forth.

---

1. Int.Rev.Code of 1954 § 179, added by 72 Stat. 1679 (1958).

2. The Regulation presently in effect permits the election to be made on the taxpayer's income tax return "by showing as a separate item * * * the additional first year depreciation claimed with respect to each piece of Section 179 property selected." The taxpayer is also required to "maintain records which permit specific identification of Section 179 property and reflect how and from whom such property was acquired." Treas.Reg. § 1.179–4(a), T.D. 6579, 1961–2 Cum. Bull. 54.

The relevant stipulated facts are as follows:

In its 1958 tax return, taxpayer claimed depreciation on "delivery trucks" computed pursuant to the "straight line" method. There was included in the total amount, however, two months' straight line depreciation on a passenger automobile purchased in November, 1958, for use in the business, *and* twenty percent of the cost of the automobile. This computation, for present purposes,[3] was in accordance with section 179. The statement required by the Regulation was not attached to the return.

■ Treasury Regulations are to be sustained unless "unreasonable and plainly inconsistent" with the authorizing statutory provision. Commissioner of Internal Revenue v. South Texas Lumber Co., 333 U.S. 496, 501, 68 S.Ct. 695, 92 L.Ed. 831 (1948), rehearing denied, 334 U.S. 813, 68 S.Ct. 1014, 92 L.Ed. 1744 (1948); Senft v. United States, 319 F.2d 642, 646 (3rd Cir. 1963). This is particularly true when, as here, the Regulation is promulgated pursuant to statutory directive. See Archbold v. United States, 201 F.Supp. 329 (D.N.J.1962), affirmed per curiam, 311 F.2d 228 (3rd Cir. 1963); New Creek Co. v. Lederer, 295 F. 433 (3rd Cir. 1924), cert. denied, 265 U.S. 581, 44 S.Ct. 456, 68 L.Ed. 1190 (1924).

■ The Regulation herein involved is eminently reasonable. Its apparent aim is to put the tax collector on notice that a taxpayer is claiming the benefit of the statutory provision granting an additional depreciation allowance (sometimes referred to as "bonus" depreciation) resulting in the reduction of tax liability for that year [see Mother Lode Coalition Mines Co. v. Comm'r, 317 U.S. 222, 227, 63 S.Ct. 179, 87 L.Ed. 227 (1942), rehearing denied, 317 U.S. 706, 63 S.Ct.

70, 87 L.Ed. 563 (1924); Estate of Mary Z. Bryan, 22 CCH TC Memo.Dec. 1963–182 (T.C. 1963)] and to furnish the tax collector information with which to determine whether or not section 179 was properly applied.

The taxpayer's statement of the issue implying that all that it neglected to do was file certain auxiliary information[4] is inaccurate and misleading. Taxpayer did nothing to put the tax collector on notice that it had elected the additional benefit conferred under section 179. The return which taxpayer filed contained a section requiring it to list the depreciation taken pursuant to each of five enumerated methods of computation, including "additional first year (Section 179)." Taxpayer did not complete that section; nor did it identify the property as to which the additional depreciation was being claimed; nor did it identify the amount of the additional depreciation so claimed; nor did it furnish any of the information concerning the property called for by the Regulation. Indeed nowhere was there a clue that the election had been made except in the *total* amount claimed as a deduction for depreciation.

Taxpayer has suggested that since its returns were audited virtually every year and since its books clearly revealed the information sought by the Regulation, the Regulation serves no purpose and is, therefore, unreasonable. This position is untenable. The tax collector should not be required to audit taxpayer's books to ferret out the method by which taxpayer computed its depreciation deduction. See Commissioner of Internal Revenue v. South Texas Lumber Co., supra; New Creek Co. v. Lederer, supra.

The notice requirement of the Regulation is reasonable and will be enforced against taxpayer. Whether it would be

3. Plaintiff used the wrong tax basis in determining the two months' depreciation, but this error will be rectified by the parties. Stipulation of Facts, ¶¶ 6, 10.

4. Plaintiff's brief, page 4, states the question:
"May a taxpayer be denied the benefit of a deduction authorized by the taxing stat-

ute solely because of its innocent failure to file with its income tax return certain auxiliary information required by the regulations of the Commissioner of Internal Revenue?"

unreasonable to deprive the taxpayer of the benefit of the "bonus" depreciation for failure to comply with *all* requirements of the Regulation is an issue not raised by the facts of this case. Judgment will be entered in favor of the United States.