Samuel Horotiwz and Carol P. Horowitz, et al. [1] v. Commissioner. Horowitz v. Commissioner
Docket Nos. 2645-66-2647-66.
United States Tax Court
T.C. Memo 1968-74; 1968 Tax Ct. Memo LEXIS 229; 27 T.C.M. (CCH) 375; T.C.M. (RIA) 68074; April 23, 1968. Filed Ira Jacoves, 412 Chester Williams Bldg., Los Angeles. Calif., for the petitioners. Richard Daly, for the respondent. TANNENWALD
Memorandum Findings of Fact and Opinion TANNENWALD, Judge: Respondent determined deficiencies in the income taxes of petitioners as follows: [2]
[SEE TABLE IN ORIGINAL] *230 As a result of concessions on both sides, the only issue remaining for decision is whether petitioners are entitled to a deduction of $4,000 in 1961 representing additional first-year depreciation allowable under section 179 of the Internal Revenue Code of 1954. Findings of Fact Some of the facts have been stipulated and are found accordingly. Petitioners are husband and wife and resided in Los Angeles, California, at the time of the filing of the petitions herein. They timely filed their Federal income tax returns for the taxable years involved with the district director of internal revenue at Los Angeles. No separate depreciation schedule was attached to petitioners' 1961 return. The only reference to depreciation in that return was a claimed deduction of $18,565.33 as "Depreciation" under the heading of "EXPENSES" on "EXHIBIT 'B'" entitled "LINCOLN HEIGHTS MEDICAL GROUP, STATEMENT OF PROFIT AND LOSS." The accounting firm which prepared petitioners' 1961 return did not customarily attach depreciation schedules to returns prepared by it for taxpayer clients during the taxable period involved herein. Opinion Section 179 of the Internal Revenue Code *231 of 1954, as amended, provides for an additional 20 percent first-year depreciation allowance "at the election of the taxpayer." Section 179 (c) (1) provides as follows: The election under this section for any taxable year shall be made within the time prescribed by law (including extensions thereof) for filing the return for such taxable year. The election shall be made in such manner as the Secretary or his delegate may by regulations prescribe. Section 179(e) further provides: The Secretary or his delegate shall prescribe such regulations as may be necessary to carry out the purposes of this section. Section 1.179-4(a) of respondent's regulations, in effect at the time of the filing of petitioners' 1961 return, contained the following provision: Election. - A separate election must be made for each taxable year in which an additional first-year depreciation allowance is claimed with respect to section 179 property. The election under section 179 and § 1.179-1 to claim an additional first-year depreciation allowance on section 179 property shall be made on the taxpayer's income tax return for the taxable year to which the election applies. For the election to be valid, the *232 return must be filed not later than the time prescribed by law (including extensions thereof) for filing the return for such taxable year. The election shall be made by showing as a separate item on the taxpayer's income tax return the additional first-year depreciation claimed with respect to each piece of section 179 property selected. The additional first-year depreciation claimed 376 with respect to section 179 property must not be included in the depreciation claimed under section 167 with respect to such property. The taxpayer shall maintain records which permit specific identification of section 179 property and reflect how and from whom such property was acquired. At the outset, we observe that respondent's regulations, promulgated pursuant to an express statutory direction, carry a strong presumption of validity. Jack Winston Londen, 45 T.C. 106, 110 (1965), and cases therein cited. The legislative history reveals that Congress intended that the selection of items of property to receive the benefits of the additional allowance was to be "shown in the election." See H. Rept. No. 2198, 85th Cong., 2d Sess. (1958), p. 14, accompanying the Small Business *233 Tax Revision Act of 1958, which was finally enacted as Title II of the Technical Amendments Act of 1958, Pub. L. 85-866 (Sept. 2, 1958). Respondent's specifications as to the manner in which the election is to be made, at least as they are reflected in the regulations in effect during the period involved herein, [3] are eminently reasonable. Keplers Coal Co. v. United States, 230 F. Supp. 115 (E.D. Pa. 1964.
We now turn to the critical question: did petitioners make the proper election? The original of petitioners' 1961 return, as introduced in evidence at the trial, had no separate depreciation schedule attached. The only reference to depreciation is in Exhibit B, which was apparently designed to be a substitute for Schedule C, Profit (or Loss) from Business or Profession. The reference simply notes $18,565.33 as "Depreciation." Petitioners claimed, however, that a separate depreciation schedule, containing the election, was attached to their 1961 return when it was filed and most of the testimony at the trial was directed to this point. Petitioner *234 husband himself had no recollection whether a separate schedule was attached. Petitioners' accountant, whose office prepared the return, was a totally unsatisfactory witness. Moreover, there was testimony that his firm did not customarily attach depreciation schedules to returns prepared by it for taxpayer clients covering taxable years prior to 1963. Finally, we note the curious fact that the disputed copy of the depreciation schedule, which was claimed to have been attached to the 1961 return, bore the following heading: "7% Investment Credit Depreciation Schedule." This is a strange circumstance in view of the fact that the investment credit was not formally proposed until the introduction of the Revenue Act of 1962 in the House of Representatives on March 12, 1962; the provisions specified an 8 percent rate and were made applicable only to taxable years ending after December 31, 1961. See H.R. 10650, 87th Cong., 2d Sess., Sec. 2; H. Rept. No. 1447, 87th Cong., 2d Sess., pp. 7-15, A5-A27 (March 16, 1962). The rate was reduced to 7 percent on the floor of the House of Representatives on March 29, 1962, only two days before the petitioners signed their 1961 return on March 31, 1962. 108 *235 Cong. Rec., 87th Cong., 2d Sess., 4993 (1962). The legislation did not pass until October 2, 1962 and did not become law until October 16, 1962. 108 Cong. Rec., supra, pp. 20565, 20592; Pub. L. 87-834 (Oct. 16, 1962). [4]
Under the foregoing circumstances and on the basis of the entire record, we conclude that petitioners did not make an election under section 179. The fact that the petitioners' failure to elect may have been innocent is immaterial. Their remedy, if any, lies in other directions. In view of our conclusion, we need not decide whether, if the purported depreciation schedule had in fact been attached *236 to petitioners' 1961 return, it contained sufficient information to constitute a proper election within the meaning of the statute. In order to reflect the concessions of the parties, Decisions will be entered under Rule 50. 377 Footnotes
1. Cases of the following petitioners are consolidated herewith: Samuel Horowitz, Docket No. 2646-66; Carol P. Horowitz, Docket No. 2647-66.↩
2. Petitioner and his wife filed a joint return for 1961 and separate returns for 1962 and 1963.↩
3. Section 1.179-4 of the regulations was further amended in 1964. T.D. 6737↩, 1964-1 C.B. (Part 1) 120.
4. On August 24, 1961, a draft bill was published by the House Committee on Ways and Means providing for an 8 percent investment credit and applicable to taxable years ending after December 31, 1960. But the draft clearly stated it was for discussion purposes only and would not be acted upon until the next session of Congress. See "General Explanation of Committee Discussion Draft of Revenue Bill of 1961" prepared by the staff of the Joint Committee on Internal Revenue Taxation for the Committee on Ways and Means of the House of Representatives (Sept. 29, 1961).↩